# Ferris *v.* Lutes, Appellant.

*Affidavit of defense—Practice, C. P.—Landlord and tenant.*

In an action for rent where the statement avers payment in advance of rent for a previous month and that the defendant requested the plaintiff to send a bill for the rent, an affidavit of defense is sufficient which denies any payment of rent for a previous month or any agreement or contract

for rent of the premises, at the rate charged, or at any other rate. In such a case the omission to deny the averment as to the request for a bill for rent, does not amount to an admission that the rent was due.

Submitted Dec. 13, 1905. Appeal, No. 213, Dec. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1905, No. 3383, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry Ferris v. Elinor S. Lutes. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for rent.

Plaintiff in his statement of claim averred as follows :

The said two parties to this suit entered into an oral agreement of rental from month to month, on or about September 12, 1904, under which said agreement the said defendant rented from the said plaintiff rooms 917*a* and part of 920, in the Drexel building, Fifth and Chestnut streets, in the city of Philadelphia, at a monthly rental of $18.25. The said defendant paid the rent for the month ending November 4, 1904, in advance. The said defendant did not give the said plaintiff any notice whatsoever of a desire to terminate the said agreement at the end of the month ending November 4, 1904, but did, on the contrary, request the said plaintiff, by letter dated on or about November 12, 1904, to send bill for the rent. The said plaintiff did send this bill, and has made repeated demands, but the said defendant has refused to make payment.

The affidavit of defense was as follows :

Defendant denies that the parties to this suit entered into any agreement or contract whatever for the rental of any rooms whatsoever, and alleges that she did not have any agreement or contract whatsoever with Henry Ferris, plaintiff, for the rental of any rooms whatsoever at the monthly rental of $18.25 or any other sum whatsoever.

Defendant denies that she paid rent for the month ending November 4, 1904, in advance, or at any other time. She expressly denies any liability for said rent, and expressly states that no agreement for any rental whatsoever was entered into between the plaintiff and defendant for the rental of any rooms whatsoever.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Hugh Roberts*, for appellant.

*H. L. Maris*, for appellee.

OPINION BY HENDERSON, J., January 13, 1906:

The plaintiff's action is based, in part, upon "an oral agreement of rental, from month to month . . . . at a monthly rental of eighteen dollars and twenty-five cents, ($18.25);" and for this amount, the court entered judgment for want of a sufficient affidavit of defense. No opinion was filed, indicating the reasons of the court for entering judgment, and we do not find in the statement of claim, and the affidavit of defense, and the supplemental affidavit of defense, sufficient warrant for that action. The contract set up by the plaintiff, is denied in the most comprehensive and express terms, by the defendant. There is not only denial that she paid rent in advance for the month of November, but a direct and emphatic denial that any agreement or contract was made between her and the plaintiff, for rent of the premises, described, at the rate charged, or at any other rate, and, if true, this constitutes a good defense to that much of the plaintiff's claim. We do not see how her defense could be set up in more forcible terms or by a more diametrical traverse. The averment in the statement of claim, that the defendant requested the plaintiff to send a bill for the rent, is not a statement of the cause of action. The omission of the defendant to specifically deny that allegation, does not amount to an admission that the rent was due; especially, in view of the sweeping denial that any contract of lease ever existed, or that any rent was due. Affidavits of defense should not be subjected to hypercritical scrutiny. Where, according to a fair understanding of the language of the affidavit, a good defense is presented, the defendant's right to a trial by jury, should be protected.

The judgment is reversed and the record remitted for further proceedings.